1  MICHAEL J. NADER, SBN 200425
   michael.nader@ogletreedeakins.com
2  DANIEL E. RICHARDSON, SBN 289327
   daniel.richardson@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:     916-840-3150
   Facsimile:     916-840-3159
6
   Attorneys for Defendant J.R. SIMPLOT
7  COMPANY

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11 DANIELLE MARCY, an individual, on behalf        Case No.
   of the State of California, as a private attorney
12 general,                                        **DEFENDANT J.R. SIMPLOT COMPANY'S**
                                                   **NOTICE OF REMOVAL OF CIVIL**
13              Plaintiff,                          **ACTION TO FEDERAL COURT**

14         v.                                       [Filed concurrently with Civil Cover Sheet,
                                                   Certification of Interested Parties and Disclosure
15 J. R. SIMPLOT COMPANY; and DOES 1               Statement; Declarations of Daniel E. Richardson,
   through 50, inclusive,                          Donni Cook in Support of Removal; and Notice
16                                                 of Related Case]
                Defendant.
17                                                 Complaint Filed:  August 30, 2022
                                                   State Court Case No.: STK-CV-UOE-2022-7626
18

19

20 **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**

21 **CALIFORNIA, PLAINTIFF DANIELLE MARCY AND HER ATTORNEYS OF RECORD:**

22         PLEASE TAKE NOTICE THAT Defendant J.R. Simplot Company ("Defendant" or

23 "Simplot"), by and through the undersigned counsel, hereby removes the above-entitled action from

24 the Superior Court of the State of California for the County of San Joaquin. Case No. STK-CV-UOE-

25 2022-7626 to the United States District Court for the Eastern District of California pursuant to 28

26 U.S.C. §§ 1331, as this action arises under federal law. Specifically, Plaintiff's claims are

27 substantially dependent upon the interpretation of a collective bargaining agreement that governs the

28 terms and conditions of Plaintiff's employment with Defendant. Plaintiff's claims are, therefore,

preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq., and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c). In support of this removal, Defendant states the following pursuant to 28 U.S.C. § 1446(a):

## I.  BACKGROUND AND SUMMARY OF PLEADINGS

1.    Plaintiff DANIELLE MARCY (hereinafter "Plaintiff") is a former employee of Defendant. (Declaration of Donni Cook in Support of Defendant Defendant's Notice of Removal ("Cook Decl."), ¶ 6.) Throughout the relevant time period, Plaintiff was a member of a bargaining unit represented by the United Steelworkers International Union, AFL-CIO, CLC (the "Union") and was subject to a collective bargaining agreement between Simplot and the Union. (Cook Decl., ¶ 8.)

2.    On or around August 30, 2022, Plaintiff commenced the above-entitled action in the Superior Court of California, County of San Joaquin, Case No. STK-CV-UOE-2022-7626. True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet are attached hereto respectively as **Exhibits A, B, and C**, respectively.

3.    On or around September 12, 2022, Plaintiff emailed Defendant's counsel a Notice and Acknowledgement of Receipt – Civil ("Notice and Acknowledgment"), Complaint, Summons, Civil Case Coversheet, and Notice of Case Assignment and Notice of Hearing.) Declaration of Daniel E. Richardson in Support of Defendant J.R. Simplot Company's Notice of Removal of Civil Action to Federal Court ("Richardson Decl."), ¶ 2.) A true and correct copy of the Notice of Case Assignment and Hearing is attached hereto respectively as **Exhibit D**.

4.    On October 3, 2022, Simplot's counsel signed and returned the Notice of Acknowledgement by U.S. Mail effectuating service on that date. (Richardson, Decl., ¶ 4, Ex. A.)

5.    Plaintiff's Complaint seeks civil penalties pursuant to the Private Attorneys General Act ("PAGA") on behalf of herself and other allegedly similarly aggrieved employees who are currently or were formerly employed by Simplot during the relevant period. As detailed below, Plaintiff's Complaint implicates federal law because the terms and conditions of Plaintiff's employment with Defendant was subject to a collective bargaining agreement ("CBA") between Simplot and the Union.  Cook Decl., ¶ 8.  Plaintiff's Complaint omits that the terms and conditions of Plaintiff's and the other allegedly aggrieved employees' employment with Simplot were subject to the CBA.

2

6.    A copy of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of California for the County of San Joaquin.  Exhibits A-E contain all process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. § 1446(a), and no other proceedings have been held in this action.

## II. STATEMENT OF FEDERAL QUESTION JURISDICTION

7.    This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action that presents a federal question.

8.    Plaintiff's claims are preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co*., 219 F.3d 1063, 1065 (9th Cir. 2000).

9.    Section 301 preempts state law claims requiring interpretation of a CBA. "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* 463 U.S. 1, 23 (1983).) Section 301 also preempts "any state [law] claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n* 854 F.2d 1142, 1146.) "[T]he key to determining the scope of Section 301 preemption is not based on how the complaint is framed," it is based on whether resolution of the claims requires "referring to the terms of the…[CBA]." *Id.* The reason is that "the interpretation of [CBAs] is exclusively a matter for arbitration under federal law." *Levy v. Skywalker Sound* 108 Cal.App.4th 753, 762 (2003). "Once preempted, 'any claim purportedly based on [a] state law is considered, from its inception, a federal claim, and therefore arises under federal law'." *Burnside v. Kiewit Pacific Corp.* 491 F.3d 1053, 1059 (9th Cir. 2007), citing, *Caterpillar, Inc. v. Williams* 482 U.S. 386, 393 (1987).

10.   A plaintiff cannot avoid Section 301 preemption by "artfully pleading" a claim to allege state law violations. *Hyles v. Mensing* 849 F.2d 1213, 1215.) For example, where "[r]esolution of plaintiffs' claim to overtime pay ... cannot be decided by mere reference to unambiguous terms of the agreement," it is preempted. (*Id.*) Courts have also found meal and rest period claims to be preempted where the applicability of the Labor Code provisions require analysis and interpretation of a CBA. See e.g., *Coria v. Recology, Inc.* 63 F.Supp.3d 1093, 1097 (N.D. Cal. 2014); *Ayala v. Destination Shuttle Servs. LLC* (C.D. Cal. Nov. 1, 2013) 2013 WL 12092284, at *4.)

11.   Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of the interpretation of collective bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103– 04 (1962); *Lingle*, 486 U.S. at 411.

12.   Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n,* 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . [and] any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

13.   Section 301 has specifically been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This remains true even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769

(2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA"). Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law.").

14.   Adjudicating Plaintiff's Complaint will require interpretation of the CBA. Specifically, Plaintiff's sole PAGA claim is premised upon, and therefore derivative of, the various underlying violations of the California Labor Code identified in Plaintiff's Complaint.  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 n.3 (9th Cir. 2019) (PAGA claims depend on the underlying violations of the California Labor Code alleged in the complaint). As detailed below, many (if not all) of the underlying labor code violations alleged in Plaintiff's Complaint are preempted by the CBA. Thus, Section 301 preempts Plaintiff's sole cause of action under the PAGA. *See, e.g., Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted"); *see also Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's PAGA claim).

15.   The fact that Plaintiff seeks civil penalties under PAGA is irrelevant for purposes of preemption. *See, e.g., Martinez v. Omni Hotels Mgmt. Corp.*, No. 20-CV-1924-MMA (BLM), 2021 WL 196509, at *4 (S.D. Cal. Jan. 20, 2021) ("The Court finds Plaintiff's distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."); *see also Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *1 (N.D. Cal. Feb. 2, 2021)( "Thus, the fact that a PAGA plaintiff effectively stands in the shoes of state officials does not change the preemption analysis, and each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*.")

### A.   Plaintiff's Employment Was Governed by a CBA.

16.   Plaintiff was employed with Simplot from October 15, 2018 until September 27, 2021, earning at least $20.56 per hour as a material handler trainee and, later, as a store room clerk. (Cook

Decl., ¶ 6.)  At all relevant times alleged in the Complaint, the terms and conditions of Plaintiff's employment with Simplot were subject to the CBA between Defendant and the Union. (Cook Decl., ¶¶ 3, 4 7, Exs. A and B.)

17.   At all relevant times alleged in the Complaint, Defendant has been engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

18.   The Union is a labor organization in which certain employees of Simplot participate and which exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

19.   Article 2, Section 1 of the CBA specifically recognizes the Union as the exclusive representative for covered employees, including Plaintiff, for the purposes of collective bargaining to establish rates of pay, hours of work and other conditions of employment. (Cook Decl., ¶ ¶ 3, 4, Exs. A and B.)

### B.   Plaintiff's Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.

#### 1.   Plaintiff's Failure to Reference Section 301 of the LMRA in Her Complaint Does Not Preclude Removal.

20.   The Complaint omits the fact that Plaintiff was a member of the Union and working in a covered position subject to the terms and conditions of the CBA while employed with Simplot. However, a plaintiff may not be permitted to "artfully plead" her complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993,997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff has not made specific reference to Section 301 in her Complaint does not preclude removal. *See Milne Employees Ass 'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the

Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

21.   An artfully pled state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

22.   To determine whether a claim alleging violations of state law is preempted by Section 301(a) of the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court asks "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id.*, quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). If so, "the claim is preempted, and [the] analysis ends there." *Burnside v. Kietwit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If not, the Courts consider whether a plaintiff's state law right is substantially dependent on analysis of the CBA. *Curtis*, 913 F.3d at 1153. If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301. *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *2 (N.D. Ca. Nov. 8, 2019), citing *Burnside*, 491 F.3d at 159-60.

            2.    <u>Resolution of Plaintiff's Claims Will Require Substantial Interpretation of Provisions of the CBA.</u>

23.   Section 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over her terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the

"interpretation of a collective bargaining agreement." *See, e.g., Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young*, 830 F.2d at 997-98.

24.  As discussed below, Plaintiff's allegations that Defendant failed to provide compliant meal breaks and related premiums involve rights that are "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers*, 471 U.S. at 213. Specifically, Plaintiff's Complaint seeks civil penalties under the PAGA based on the following alleged Labor Code violations: (1) failure to provide meal periods (Lab. Code § §226.7 and 512); (2) an entirely derivative claim for failure to provide complete and accurate wages statements (Lab. Code § 226(a)); and (3) an entirely derivative claim for failure to timely pay wages upon termination (Labor Code § §201-203).

25.  As set forth below, the CBA governs Plaintiff's and other aggrieved employees' time worked, wages, overtime, and meal and rest periods. (Cook Decl. ¶ 3, Exhibit A, Articles 6-7 and 21.) The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (Cook Decl. ¶ 3, Exhibit A, Article 17.) Resolution of Plaintiff's claims will require the Court to interpret, at a minimum, all of these provisions. Therefore, Plaintiff's PAGA claim cannot be adjudicated without interpretation of numerous CBA provisions that governed Plaintiff's employment and the employment of the allegedly aggrieved employees.

26.  At its core, Plaintiff's PAGA claim seeks civil penalties for Simplot's alleged failure to provide compliant meal breaks and pay related premiums.  (Complaint ¶ 25).

27.  The Ninth Circuit holds that a claim for underpaid premiums cannot be sustained as a freestanding claim. *Coleman v. Jenny Craig*, 649 Fed. Appx. 387 (9th Cir. 2016). Thus, Plaintiff's claim regarding alleged underpaid premium wages can only be adjudicated by first determining whether actual meal break violations occurred.  Because the CBA provides detailed and voluminous provisions that govern the meal break rights of the Plaintiff and other putative class members, Plaintiff's meal break claim hinges on rights created by the CBA, and interpretations of the CBA's meal break provisions.

28.  Section 301 preempts Plaintiff's meal break claim because the CBA expressly provides several terms that control and govern meal breaks, and provide meal break rights beyond that provided by California law.  The merits of Plaintiff's meal break claim depend significantly on an

interpretation of several CBA provisions that governed Plaintiff's employment and the employment of the putative class members:

29.   First, Section 7 the CBA provides meal break rights for employees who work shifts more than 10 hours long, such that they receive additional meal breaks at each additional 4 hour interval, including 30 minute meal breaks.  (Cook Decl., Ex. A, p. 22).  These rights are solely the product of the CBA and are not provided by the Labor Code or the applicable wage order, Wage Order 1.  Thus, instances where employees received premium payments under the CBA, a further interpretation of the CBA will be required to determine whether the premium was paid as a result of a statutory violation of the employee's meal break rights rather than the unique rights provided for under the CBA.  This alone warrants preemption. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018).

30.   Second, the CBA provides that employees may start their meal break before the end of the sixth hour of work. (Cook Decl., Ex. A, p. 16).  California Wage Order 1 (Manufacturing Industry) provides an exception to the rule that no employer may employ an employee for a period exceeding 5 hours without providing a compliant meal break.  (Request for Judicial Notice in Support of Motion for Leave to Amend Notice of Removal, Ex. A, Section 11(A)).  However, Wage Order 1 provides that the parties to a "valid collective bargaining agreement" may agree to a meal break that commences after no more than 6 hours of work.  Wage Order 1 does not define the meaning of a "valid collective bargaining agreement," which will require further court review and interpretation, which further warrants preemption.

31.   Third, the CBA defines several categories of employees who are excluded from the meal break rules, and who instead are provided on-duty meal breaks.  (Cook Decl., Ex. A, p. 14).  Interpretation of these CBA provisions are required to enable the Court to determine whether the on-duty meal breaks properly apply to these categories of employees.  For instance, adjudicating the meal break claim, as well as whether any premium payment was due as a result of a statutory violation or a violation of a unique CBA provision, will require an interpretation of the CBA's language describing the continuous and emergency situations that apply to the specialized work of several categories of employees in the putative class, and whether their work meets the requirements

9

of the CBA and of the on-duty meal period standards.  (Cook Decl., pp. 14-15).  Further interpretation by the Court will be needed to determine whether the CBA process was adequate to validate the on-duty agreements.

32.    Fourth, the CBA requires the Defendant to make "good faith efforts" and "reasonable attempts" to provide uninterrupted meal breaks in specific situations.  (Cook Decl., Ex. A, p. 15). The CBA also provides that when the Defendant "knows in advance that operational conditions … will prevent an employee" from getting on duty meal break opportunities, the Company will need to make "reasonable attempts" to provide relief for the employee.  All of these provisions (whether the Defendant made good faith or reasonable efforts, whether the Defendant had adequate advanced notice of operational conditions) will need to be interpreted and applied to adjudicate the meal break claims for putative class members.  An important distinction will need to be made on whether premium wages were paid as a result of CBA violations or violations of the statutory standards.

33.    Fifth, additional interpretations of the CBA will be needed to determine whether a waiver of a second meal break was valid in the unique, "individual situation[s]" of employees working those longer shifts.  (Cook Decl., Ex. A, p. 17).  Further interpretation will be necessary to adjudicate whether any related premium wages were paid because of statutory violations or because of violations of these unique CBA standards.

34.    Sixth, Article 6, Section 4 of the CBA (Cook Decl., Ex. A, p. 85) provides that employees who work a 12-hour schedule will be provided with a meal break before the sixth hour of work, and even though it is an off-duty meal break, the employees are still paid straight time hourly rates. Again, these provisions provide rights that are not provided by California law.  In this action, Plaintiff is claiming that this case can be adjudicated by simply reviewing what premiums are paid, and whether they are paid at the regular rate.  (Complaint ¶ 25).  While the Complaint also alleges underlying meal break violations (*Id.*), and Plaintiff cannot possibly bring a freestanding premium claim (*Coleman,* 649 Fed. Appx. At 388), adjudicating this claim will require more than just a review of the payments made to employees related to the meal breaks.  Such payments may not be premium wage payments at all, but instead different payments provided by the CBA for break time (and not payments required by statute).

35.   Seventh, Section 5 (c) of the CBA provides that time off for meal breaks "shall not be construed to interrupt consecutive hours worked."  (Cook Decl., Ex. A, p. 21).  This provision also creates additional rights for employees beyond that of the Labor Code or the Wage Order.  For instance, California law provides that a second meal break must be provided if the employee has a "work period" of more than 10 hours, and thus the 10 hours of work do not include the first 30-minute, duty-free meal break.  Cal. Lab Code § 512(a).  However, the CBA counts the time worked in a significantly different way than the Labor Code (as off duty meal break time is not excluded under the CBA), which will require further interpretation and application of the CBA's provisions to adjudicate Plaintiff's meal break claim.  As such, while California law requires a second meal break only after an employee works more than 10 hours (not including the first duty-free meal break), the CBA provides employees a right to a second meal break only after the employee works more than 9.5 hours if the employee takes the first duty-free meal break.  Based on the multiple unique meal break rights that the CBA provides to Defendant's employees, the Court will inevitably need to interpret and apply the CBA's terms to adjudicate the merits of Plaintiff's meal break claim.  For instance, was the employee provided a premium wage payment because he or she did not get a second meal break opportunity when they worked only 9 hours and 40 minutes (where a second meal break is provided by the CBA, but not by the statute)?  Or did the employee waive the second meal break under the provisions of the CBA?

36.   Plaintiff's PAGA claim also seeks civil penalties, in part, for Defendant's alleged failure to timely pay wages upon termination. The CBA sets forth the parties' mutual agreement regarding all issues pertaining to employee wages, including but not limited to applicable wage rates and contractual meal break benefits that are in addition to statutory rights. (Cook Decl., Ex. A, Articles 6-8, 21, Appendix A.) The CBA expressly provides for a five step grievance procedure that culminates in binding arbitration. (Cook Decl., Ex. A, Article 17, Section 4.)  To the extent Plaintiff has underlying claims regarding unpaid payment of employee wages, the CBA will need to be interpreted in order for the Court to determine from the wage scale referenced at Schedule A of the CBA the appropriate rate of pay for no less than 4 groups of employees, some groups with subgroups of 10 to 14 employees paid at various rates.  In addition to interpreting how Schedule A applies to

11

each employee in the putative class, the Court will have to determine the applicability of two shift differentials described in Article 8. Thus, Plaintiff's rights to wages, compensation, and overtime substantially depend on an analysis of the CBA.

37.   The CBA also provides for a five-step grievance process culminating in binding arbitration to resolve any disputes arising under the CBA. (Cook Decl., ¶ 3, Exhibit A, Article 17, Section 4.) Accordingly, Plaintiff's underlying claims that are premised on Labor Code sections 201, 202, 203, 226(a), 226.7, and 512 are subject to arbitration as the exclusive remedy per the CBA. The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. State court lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed. *See Livadas v. Bradshaw*, 512 U.S. 107, 142 fn. 18 (1994). Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed above. Accordingly, any alleged violation of the CBA is subject to the grievance procedures set forth therein. As all of Plaintiff's claims are in essence alleged violations of the CBA, the Court will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims in this case. That is, the Court will be required to determine whether the Plaintiff was first required to exhaust the grievance procedures, whether she did in fact exhaust those procedures, and whether the parties agreed to arbitrate all or some of Plaintiff's claims – which are all questions reserved for federal courts under the LMRA.

38.   Accordingly, Plaintiff's PAGA claim is substantially dependent upon the interpretation of the foregoing CBA terms and provisions. In fact, those terms and provisions govern nearly all of the conduct which forms the basis of the underlying Labor Code violations alleged in Plaintiff's Complaint, and thus are essential to the resolution of Plaintiff's PAGA claim. Plaintiff's PAGA claim therefore arises under Section 301 of the LMRA, and is preempted by federal law. Removal to federal court is warranted. *See Radcliff v. San Diego Gas & Elec. Co*., No. 3:20-CV-01555-H-MSB, 2021 WL 532258, at *3 (S.D. Cal. Feb. 12, 2021) (denying motion to remand PAGA claim based on alleged lack of original jurisdiction, and finding plaintiff's PAGA claim was preempted by § 301 of the LMRA).

### III.   SUPPLEMENTAL JURISDICTION

39.   To the extent any underlying Labor Code violations alleged in the Complaint do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and Defendant that is the subject of the federal question claims. Specifically, Plaintiff's single claim for PAGA penalties is predicated upon facts and circumstances that are inextricably intertwined with and dependent upon an interpretation of the CBA. As a result, all the pleaded underlying Labor Code violations emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *Franco v. E-3 Sys.*, No. 19- CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending supplemental jurisdiction because plaintiff's claim for "civil penalties under PAGA does not change the underlying nature of the predicate California Labor Code violations."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations of the Labor Code in Plaintiff's Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019).

### IV.   OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

40.   Removal is timely. Simplot's received the Summons and Complaint with a Notice and Acknowledgement on September 12, 2022. On October 3, 2022, Simplot's counsel signed and returned the Notice of Acknowledgement by U.S. Mail effectuating service on that date, and thus this removal is timely under 28 U.S.C. § 1446(b).

41.   Moreover, it is well-settled that the face of the initial pleading (i.e. four corners of the Complaint) is the only document to trigger the first 30-day period to remove on the basis for federal

jurisdiction. The U.S. Supreme Court has repeatedly held that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (emphasis added); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (same); a*ccord Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690-691 (9th Cir. 2005) ("[T]he [first] 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction.").

42.   The Ninth Circuit has stressed that a defendant is not charged with a duty to investigate any documents outside of an indeterminate complaint to assess removability. *Roth v. Cha Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also Stiren v. Lowes Home Ctrs., LLC*, No. 8:19-cv-00157-JLS-KES, 2019 WL 1958511, *3 (C.D. Cal. May 2, 2019) ("[e]ven the simplest of inquiries is not required . . . [D]efendants are not charged with any investigation, not even into their own records."). Moreover, the Ninth Circuit held that, even if a defendant already knew that there were grounds for removal based on documents outside of the Complaint, it did not have to remove within 30 days.  Roth, 720 F.3d at 1125; *see also Sanchez v. AMCO Ins. Co.*, 2020 WL 5362406, at *4 (E.D. Cal. Sept. 8, 2020) (denying motion to remand – as a defendant has no duty to investigate, even if he suspects there are grounds for removal or the complaint contains 'clues' as to removability. Plaintiffs bear the risk stemming from their indeterminate pleadings as far as the 30–day clock is concerned).

43.   As a result, the 30-day time period to remove this action has never been triggered.  The face of Plaintiff's Complaint was silent as to federal question jurisdiction, and documents (i.e. CBAs) outside of Plaintiff's Complaint cannot -- and did not trigger -- the first 30-day period to remove. *See, e.g., Kuxhausen v. BMW Fin. Servs*. NA LLC, 707 F.3d 1136, 1141 (9th Cir. 2013) ("Preferring a clear rule, and unwilling to embroil the courts in inquires 'into the subjective knowledge of [a] defendant,' we declined to hold that materials outside the complaint start the thirty-day clock.") (quoting Harris, 425 F.3d at 695).

44.   The decision from this District in *Rose v. Beverly Health & Rehab. Servs., Inc*., 2006 WL 2067060 (E.D. Cal. July 22, 2006), is on point. In *Rose*, defendant was served with a Complaint and

removed under Section 301 of the federal LMRA, on the grounds that the Complaint involved unionized employees subject to a CBA. Id. at *1. The defendant in *Rose* removed the case 101 days after being served. Id. at *1. The court found that the defendant's removal was timely because the Complaint did not show grounds for federal jurisdiction and documents in the defendant's possession (i.e. a CBA) could not trigger the 30-day time period to remove. *Id.* at *3-4. The *Rose* court concluded that the 30-day removal period was not triggered, even though the defendant already possessed the CBA that supported federal jurisdiction, and even though the defendant had suspected the CBA might trigger federal question jurisdiction based on Section 301 of the LMRA. Id. at *5; accord *Rose v. Beverly Health & Rehab. Servs., Inc.*, 295 F. App'x 142, 144 (9th Cir. 2008) (affirming denial of remand motion; "[The] complaint did not disclose on its face that [plaintiff's] suit was one [involving] a CBA. [Defendant's] subjective knowledge to the contrary is irrelevant."). Moreover, it is well-settled that a defendant's subjective knowledge of the existence of unionized employees or CBAs cannot trigger the first 30-day period to remove. *See, e.g., Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.").

45.   As such, removal is timely.

46.   <u>State Court Within this Court's Jurisdiction</u>. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§ 84(c) and 1391 because the county in which the State Court Action was pending (San Joaquin) is found within this District.

47.   <u>Consent to Removal</u>. Simplot is not aware of any other defendants having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

48.   <u>State Court Pleading Attached</u>. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Simplot are attached hereto as the following exhibits, including Plaintiff's Complaint (Exhibit A); Summons of Plaintiff's Complaint (Exhibit B); Civil Case Cover Sheet (Exhibit C); and Notice of Case Assignment and Hearing (Exhibit D).

49.   <u>Filing and Service of Notice of Removal</u>. This Notice will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Joaquin.

<b><u>RESERVATION OF RIGHTS</u></b>

This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Simplot requests that the above action pending before the Superior Court of the State of California for the County of San Joaquin be removed to the United States District Court for the Eastern District of California.

DATED:  October 31, 2022                     OGLETREE, DEAKINS, NASH,
                                                              SMOAK & STEWART, P.C.


By:  <u>*/s/ Daniel E. Richardson*</u>
       Michael J. Nader
       Daniel E. Richardson
       Attorneys for Defendant J.R. SIMPLOT
       COMPANY

# EXHIBIT A



FILED
SUPERIOR COURT

2022 AUG 30 PM 2: 26

BRANDON E. RILEY CLERK
BY TREVA PARKER
DEPUTY

1   **KINGSLEY & KINGSLEY, APC**
    ERIC B. KINGSLEY, Esq. (SBN 185123)
2   eric@kingsleykingsley.com
    LIANE KATZENSTEIN LY, Esq., (SBN 259230)
3   liane@kingsleykingsley.com
    JESSICA BULAON, Esq. (SBN 340749)
4   jessi@kingsleykingsley.com
    16133 Ventura Blvd., Suite 1200
5   Encino, CA 91436
    Tel: (818) 990-8300, Fax (818) 990-2903
6
7   Attorneys for Plaintiff and all aggrieved employees

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN JOAQUIN**

10

11  DANIELLE MARCY, an individual, on behalf          STK-CV-UOE-2022- 7626
    of the State of California, as a private attorney
12  general,
                                                       **REPRESENTATIVE ACTION**
13              PLAINTIFF,                              **COMPLAINT:**

14       v.                                             1.   Penalties Pursuant to Labor Code §
                                                             2699, et seq. for violations of Labor
15  J. R. SIMPLOT COMPANY; and DOES 1                       Code §§ 201, 202, 203, 226(a), 226.7,
    thru 50, inclusive,                                      and 512
16
17              DEFENDANTS.

18

19

20

21

22

23

24

25

26

27

28

                                        1

Plaintiff DANIELLE MARCY ("Plaintiff"), on behalf of herself and the people of the State of California and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, §2699, et seq. ("PAGA") complains against J. R. SIMPLOT COMPANY ("Defendant"), a corporation, and DOES 1 to 50 (collectively "Defendants"), as follows:

**I.**

**GENERAL ALLEGATIONS**

1.      This is a Representative Action, pursuant to Labor Code §2699 et seq., on behalf of the following individuals:

> All persons who are employed or have been employed as an hourly employee by J.R. SIMPLOT COMPANY, in the State of California since one (1) year prior to the date of Plaintiff's notice letter to the Labor & Workforce Development Agency ("LWDA") and continuing to the present plus any additional time during which the statutes of limitation for the causes of action herein were tolled pursuant to Emergency Rule 9 of the California Rules of Court, the 'Emergency Rules Related to COVID-19'. ("aggrieved employees")

2.      Any limitations period referenced in this complaint is extended pursuant to Emergency Rule 9 (a) of the "Emergency Rules Related to COVID-19," Appendix I to the California Rules of Court, adopted effective April 6, 2020, which provides that the statutes of limitation that exceed 180 days for civil actions are tolled from April 6, 2020 until October 1, 2020 ["Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020."] Any reference to the relevant time period or statute of limitations referenced in this complaint is extended into the past by the number of days in which this tolling was in effect.

3.      For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has failed to properly comply with Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512.

4.      For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has violated Labor Code §§ 226.7 and 512 by failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the first meal period was not

provided within the first (5) hours of the shift, was not provided in full, or was not provided at all. Pursuant to *Ferra v. Loews Hollywood Hotel, LLC* and Labor Code §§ 226.7 and 512, Defendant also has had a consistent policy of failing to pay meal period premiums at the blended rate when meal period premiums are provided in violation of California law.

5.     For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has failed to comply with Labor Code § 226(a).  Plaintiff and the aggrieved employees are issued wage statements in violation of Labor Code §226(a)(2) and do not accurately show the number of total hours worked at each applicable hourly rate in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and the aggrieved employees in violation of Labor Code §226(a)(9), because Plaintiff and the aggrieved employees are issued wage statements that do not include meal premiums as a result of the claims alleged above and when they do, they are not the accurate rate.  Thus, Plaintiff is an aggrieved employee within the meaning of PAGA and Defendant has violated Labor Code Labor Code § 226(a) with respect to Plaintiff and all aggrieved employees.

6.     For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has violated Labor Code §203. Plaintiff and all aggrieved employees were not paid all wages due upon their separation from Defendant's employ. As such, Plaintiff is an aggrieved employee and Defendant failed to pay Plaintiff and all aggrieved employees all wages due at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter in violation of Labor Code §203.

7.     Plaintiff, on behalf of herself and all aggrieved employees presently or formerly employed by Defendant during the liability period, brings this representative action pursuant to Labor Code §2699, et seq. seeking penalties for Defendant's violation of Labor Code Sections §§ 201, 202, 203, 226(a), 226.7, and 512.

///

## II.

### JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction over any and all causes of action asserted herein pursuant to Article VI, §10 of the California Constitution and California Code of Civil Procedure §410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

9.      This Court has personal jurisdiction over Defendant because Defendant has caused injuries in San Joaquin County and the State of California through their acts, and by their violation of the California Labor Code and California state common law.

10.     At all times set forth herein, Defendant is and was, based upon information and belief, a Nevada corporation doing business in San Joaquin County and in the State of California with its California address at 1099 W. Front Street, Boise, ID 83702.  At all relevant times, Defendant employed Plaintiff in the State of California.

11.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395.  Defendant operates within California and does business within the county of San Joaquin, California.  The unlawful acts alleged herein have a direct effect on Plaintiff and all "aggrieved employees" within the State of California and San Joaquin County.

## III.

### PARTIES

**A.    Plaintiff**

12.     Plaintiff DANIELLE MARCY is a resident of State of California.  Plaintiff was employed by Defendant as a non-exempt employee in California.

13.     Upon information and belief, Plaintiff and all aggrieved employees are covered by California Industrial Welfare Commission Occupational Wage Order No. 4 -2001 (Title 8 Cal. Code of Regs. § 11040.)

14.     Plaintiff and all current and former employees are aggrieved employees within the meaning of Labor Code §2699, *et seq.* (*See* Labor Code §2699(c).)

**B.   <u>Defendants</u>**

15.   Defendant J. R. SIMPLOT COMPANY is a Nevada Corporation operating in California including in the County of San Joaquin.  The Defendant's California address is 1099 W. Front Street, Boise, ID 83702.  Defendant employed Plaintiff and the other aggrieved employees within California.  Some of the violations alleged herein arose in the County of San Joaquin, California.

16.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

17.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each of the Defendants are legally attributable to the other Defendants.

18.   The Defendants named herein as DOE 1 through DOE 10 are and were persons acting on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more provisions of the California Labor Code and public policy as alleged herein.

19.   Furthermore, Defendants acted in all respects as the employers or joint employers of aggrieved employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of aggrieved employees, or suffered or permitted the aggrieved employees to work, or engaged, thereby creating a common law employment relationship, with the aggrieved employees. Therefore, Defendants, and each of them, employed or jointly employed the aggrieved employees.

///

**IV.**

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20.    Plaintiff and the aggrieved employees are, and at all times pertinent hereto, have been classified as non-exempt employees.

21.    Upon information and belief, Plaintiff and the aggrieved employees are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001 (Title 8 Cal. Code of Regs. § 11040).

22.    On a regular and consistent basis, for all aggrieved employees employed by Defendant, Defendant has failed to comply with Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512.

**V.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**PLAINTIFF DANIELLE MARCY AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS FOR PENALTIES PURSUANT TO LABOR CODE §2699, ET SEQ. FOR VIOLATIONS OF LABOR CODE §§ 201, 202, 203, 226(A), 226.7, AND 512**

23.    Plaintiff realleges and incorporates by reference all previous paragraphs.

24.    For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has violated Labor Code §§ 226.7 and 512. Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift.

25.    Plaintiff and the aggrieved employees consistently worked shifts over five (5) hours. Defendant failed to provide Plaintiff and the aggrieved employees with proper meal periods of not less than thirty (30) minutes as required by the Labor Code during the relevant time period. When this occurred, Defendant has had a consistent policy of failing to pay Plaintiff and the aggrieved employees one (1) hour of pay at the employees' regular rate of compensation for each

workday that the first meal period was not provided in full or within the first (5) hours of the shift. As explained above, in *Ferra*, the California Supreme Court set forth the formula for calculating the one extra hour of premium pay that employees are owed if an employer fails to provide a compliant meal period or rest break.  Specifically, the Court held that those premium payments must include the hourly value of any nondiscretionary earnings (such as a nondiscretionary bonuses), and cannot simply be paid at an employee's base hourly rate.  Here, when meal period premiums are provided, Defendant has had a consistent policy of paying meal period premiums at the base rate and not the appropriate blended rate in violation of Labor Code §§ 226.7 and 512.

26.     For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has failed to comply with Labor Code § 226(a), which requires employers to furnish accurate itemized wage statements in writing that show total hours worked by the employee and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. (Labor Code §§ 226(a)(2) and (9) respectively.)

27.     Plaintiff and the aggrieved employees are issued wage statements in violation of Labor Code §226(a)(2) and do not accurately show the number of total hours worked at each applicable hourly rate in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and the aggrieved employees in violation of Labor Code §226(a)(9), because Plaintiff and the aggrieved employees are issued wage statements that do not include meal premiums as a result of the claims alleged above and when they do, they are not the accurate rate.  Thus, Plaintiff is an aggrieved employee within the meaning of PAGA and Defendant has violated Labor Code Labor Code § 226(a) with respect to Plaintiff and all aggrieved employees.

28.     For at least one (1) year prior to the date of the letter sent to the LWDA and Defendant giving notice of this claim pursuant to PAGA and continuing to the present, Defendant has violated Labor Code §203. Plaintiff and all aggrieved employees were not paid all wages due upon their separation from Defendant's employ. As such, Plaintiff is an aggrieved employee and Defendant failed to pay Plaintiff and all aggrieved employees all wages due at the time of

termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter in violation of Labor Code §203.

29.     Defendant's violation of Labor Code Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512 was all done on a regular and consistent basis.

30.     As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code §2699, *et seq.* because of Defendant's violation of Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512.

31.     Under Labor Code §§2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

          a.   $100 for the initial violation per employee per pay period; and

          b.   $200 for each subsequent violation per employee per pay period.

32.     These penalties will be allocated 75% to the Labor & Workforce Development Agency and 25% to the affected employees.

33.     On February 10, 2022, Plaintiff electronically filed a PAGA Claim Notice to the LWDA, via the State of California Labor and Workforce Development Agency / Department of Industrial Relations website (https://dir.tfaforms.net/308) and mailed by certified mail, return receipt requested, to Defendant setting forth the specific facts and theories of the violations alleged against Defendants, as prescribed by Labor Code §2698 *et seq.* (Exhibit "1".)  Plaintiff received signed certified mail return receipts from Defendant verifying that it received Plaintiff's letter. (Exhibit "2".)  Plaintiff also obtained an e-filing confirmation from the LWDA confirming receipt of the notice. (Exhibit "3".)

34.     Pursuant to Labor Code §2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA evidencing its intention to investigate within 65 calendar days of the postmark date of the notice.  Therefore, Plaintiff is entitled to commence a civil action as though the LWDA has chosen not to investigate.

///

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against J. R. SIMPLOT COMPANY and Does 1 to 50, Inclusive, and each of them, as follows for Plaintiff and all aggrieved employees:

a.     For penalties and other relief pursuant to Labor Code §2698 *et seq.* for Defendant's violation of Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512.

b.     An award of prejudgment and post judgment interest;

c.     An award providing for payment of costs of suit;

d.     An award of attorneys' fees; and

e.     Such other and further relief as this Court may deem proper and just.

DATED: August 30, 2022                      KINGSLEY & KINGSLEY, APC

By: _____
Liane Katzenstein Ly
Jessica Bulaon
Attorneys for Plaintiff and all aggrieved employees

EXHIBIT "1"

# KINGSLEY & KINGSLEY
| L A W Y E R S |

February 10, 2022

LABOR & WORKFORCE DEVELOPMENT AGENCY
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

J. R. SIMPLOT COMPANY
1099 W. Front Street
Boise, ID 83702
*Via Certified Mailing No.: 7019 2970 0001 4016 5400*

J. R. SIMPLOT COMPANY
P.O. Box 27
Boise, ID 83707
*Via Certified Mailing No.: 7019 2970 0001 4016 5417*

J. R. SIMPLOT COMPANY
c/o Agent for Service of Process
Corporation Service Company Which Will Do Business in California as CSC-Lawyers
Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
*Via Certified Mailing No.: 7019 2970 0001 4016 5424*

> Re:   DANIELLE MARCY v. J. R. SIMPLOT COMPANY
>        *California Labor Code § 2699 Penalties*

Gentlepersons:

This office represents DANIELLE MARCY ("Plaintiff") and a proposed group of current and former employees working for J. R. SIMPLOT COMPANY ("Defendant") in the State of California. The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698, *et. seq.* We herein set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to Plaintiff and all of Defendant's aggrieved employees.

Plaintiff wishes to bring a representative action on behalf of herself and the State of California as well as on behalf of a group of aggrieved employees defined as: All persons who are employed or have been employed as an hourly employee by J. R. SIMPLOT COMPANY, in the State of California who worked one or more pay periods since one (1) year prior to the date of this letter and continuing to the present plus any additional time during which the statutes of limitation for the causes of action herein were tolled pursuant to Emergency Rule 9 of the California Rules of Court, the 'Emergency Rules Related to COVID-19'. ("aggrieved employees")

LABOR & WORKFORCE DEVELOPMENT AGENCY
*California Labor Code §2699 Penalties*
February 10, 2022
Page **2** of **3**

Any limitations period referenced in this letter is extended pursuant to Emergency Rule 9 (a) of the "Emergency Rules Related to COVID-19," Appendix I to the California Rules of Court, adopted effective April 6, 2020, which provides that the statutes of limitation that exceed 180 days for civil actions are tolled from April 6, 2020 until October 1, 2020 ["Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."] Any reference to the relevant time period or statute of limitations referenced in this letter is extended into the past by the number of days in which this tolling was in effect.

Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift. Pursuant to Labor Code § 226.7(c), if an employer fails to provide an employee with a lawful meal period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a thirty (30) minute uninterrupted meal period was not provided, was not provided in full, or was not provided in a timely manner.

Defendant failed to apprise Plaintiff and the aggrieved employees of their rights associated with meal periods and failed to provide timely meal periods. Further, Defendant has had a consistent policy of: (1) failing to provide Plaintiff and the aggrieved employees compliant meal periods; and (2) failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the complaint meal period was not provided.

Very recently, on July 15, 2021, in *Ferra v. Loews Hollywood Hotel, LLC*, the California Supreme Court set forth the formula for calculating the one extra hour of premium pay that employees are owed if an employer fails to provide a compliant meal period or rest break. Specifically, the Court held that those premium payments must include the hourly value of any nondiscretionary earnings (such as a nondiscretionary bonuses), and cannot simply be paid at an employee's base hourly rate. Here, Defendant has had a consistent policy of paying meal period premiums at the base rate and not the blended rate in violation of Labor Code §§ 226.7 and 512.

Defendant also engaged in a practice of failing to provide accurate itemized wage statements in violation of Labor Code § 226(a), which requires that every employer shall, semimonthly or at the time of each payment of wages, furnish each employee an accurate itemized statement in writing showing a number of specific items, including all hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Here, Defendant has failed to furnish accurate itemized wage statements that include all hours worked by the employee and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee under Labor Code §§ 226(a)(2) and (9). Plaintiff and all aggrieved employees are issued wage statements that do not include accurate meal premiums as a result of the claims alleged above.

LABOR & WORKFORCE DEVELOPMENT AGENCY
*California Labor Code §2699 Penalties*
February 10, 2022
Page **3** of **3**

Labor Code § 203 provides that if "an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Here, Plaintiff and all aggrieved employees were not paid all wages due upon their separation from Defendant's employ.  As such, Plaintiff is an aggrieved employee and Defendant failed to pay Plaintiff and all aggrieved employees all wages due at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter in violation of Labor Code §203.

We are constrained to move forward with the filing of this complaint alleging causes of action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512 with or without the PAGA claim. Thus, any action by the LWDA would not resolve the entirety of the case, and the interest of judicial economy will be served by allowing the case to proceed as a cohesive whole.

Very truly yours,

KINGSLEY & KINGSLEY, APC

By: _____
    Liane Katzenstein Ly

LKL/jl
Cc:      1.   LWDA Letter filed via Electronic Submission: https://dir.tfaforms.net/308

EXHIBIT "2"

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

J.R. Simplot Company
P.O. Box 27
Boise, ID 83707

9590 9402 7019 1225 1715 63

2. Article Number *(Transfer from service label)*

7019 2970 0001 4016 5417

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                    2/15/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7019 1225 1715 63

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD.
SUITE 1200
ENCINO, CA 91436

PAGA Letter
J.R. Simplot Company



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

J.R. Simplot Company
1099 W. Front Street
Boise, ID 83702

9590 9402 7019 1225 1715 56

2. Article Number *(Transfer from service label)*

7019 2970 0001 4016 5400

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

2-16-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500.00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING# ENCLISE 10 837

9590 9402 7019 1225 1715 56

First-Class Mail
Postage **& Fees Paid**
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD.
SUITE 1200
ENCINO, CA 91436

PAGA Letter
JR Simplot Company

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

F.R. Simplot Company
c/o Agent for Service of Process
Corporation Service Company Which
Will Do Business in California as CSC-
Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

9590 9402 7019 1225 1715 70

2. Article Number *(Transfer from service label)*

7019 2970 0001 4016 5424

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   FEB 14 2022

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
     (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 7019 1225 1715 70

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

KINGSLEY & KINGSLEY, APC
16133 VENTURA BLVD.
SUITE 1200
ENCINO, CA 91436

PAGA Letter
J.R. Simplot Company

EXHIBIT "3"



### State of California
## Labor and Workforce Development Agency / Department of Industrial Relations

## Private Attorneys General Act (PAGA) – Filing

## New PAGA Claim Notice

### Your Information (Person Who is Filing)

**Your First Name** *
Liane

**Your Last Name** *
Ly

**Firm Name (if any)** *
Kingsley & Kingsley
(Enter "in pro per" if you are representing yourself)

**Your Email Address** *
service@kingsleykingsley.c

**Your Street Name, Number and Suite/Apt** *
16133 Ventura Boulevard

**Your Mobile Phone Number**
8189908300

**Your City** *
Encino

**Your Work Phone Number**

**Your State** *
California

**Your Zip/Postal Code** *
91436

### Plaintiff Information

**Plaintiff/Aggrieved Employee Name** *
Danielle Marcy

**Plaintiff/Aggrieved Employee Occupation** *
Store Clerk

[Add Additional Plaintiffs](#)

### Employer Information

**Employer Entity Type**
Corporation

**Employer Name** *
J. R. Simplot Company
Maximum 80 Character Limit

**Employer Street Name, Number and Suite/Apt** *                    **Employer City**

1099 W. Front Street                                                Boise

**Employer State** *                                               **Employer Zip/Postal Code** *

Idaho                                                              83702

**Employer Industry** *

Agriculture

---

### Add additional defendants

☑ Add any entity other than an individual
☐ Add an individual/sole proprietor employer

---

#### Additional Employer Information (Corporation/General Partnership)

**Employer Entity Type**                                           **Employer Name** *

Corporation                                                        J. R. Simplot Company

                                                                   Maximum 80 Character Limit

**Employer Street Name, Number and Suite/Apt** *                   **Employer City** *

P.O. Box 27                                                        Boise

**Employer State** *                                               **Employer Zip/Postal Code** *

Idaho                                                             83707

**Employer Industry** *

Agriculture

---

#### Additional Employer Information (Corporation/General Partnership)

                                                                   Remove

**Employer Entity Type**                                           **Employer Name** *

Corporation                                                        J. R. Simplot Company

                                                                   Maximum 80 Character Limit

**Employer Street Name, Number and Suite/Apt** *                   **Employer City** *

2710 Gateway Oaks Drive, Suite 150N                               Sacramento

**Employer State** *                                               **Employer Zip/Postal Code** *

California                                                        95833

**Employer Industry** *

Agriculture

---

[Add Additional Employers](#)

Notice General Information

**Estimated Number of Employees Impacted by Violations** *

50

---

**Notice Violations – Check All that Apply** *

☐ Child Labor

☐ Misclassification Employee Classified as Contractor

☐ Misclassification NonExempt Classified as Exempt

☐ Minimum Wage

☐ Overtime

☐ Not paid for all hours worked

☑ Not paid wages due on termination

☐ Other Unpaid Wages

☐ Tips or Gratuities

☐ Payment or Reimbursement of Employee Expenses

☐ Improper Form of Payment Including NSF Checks

☐ Kickbacks

☑ Meal and Rest Breaks

☐ Sick Leave

☐ Lactation Accommodation (Labor Code 1030–1033)

☐ Not providing required time off, other

☐ Pay Discrimination on basis of sex, (Labor Code 1197.5)

☐ No Wage Statements

☑ Improper or Incomplete Wage Statements

☐ Other Notice or Posting or Recordkeeping

☐ Public Works (Labor Code 1720 – 1815)

☐ Apprenticeship (Labor Code 3070 – 3098)

☐ Occupational Safety and Health (Labor Code 6300 et seq)

☐ No Workers' Compensation

☐ Licensing, Registration, or Permit

☐ Unfair Immigration Activities

☐ Agricultural Labor Relations

☐ Industrial Homework

☐ Retaliation for Protected Status or Activity (Specify)

☐ Other

**Child Labor – Specify Ages**

[                    ]

**PAGA Claim Type – Check All that Apply** *

☑ Notice asserts one or more Labor Code violations listed in Labor Code 2699.5– not curable subject to 2699.3(a)

☐ Notice asserts one or more OSHA violations subject to requirements of 2699.3(b)

☐ Includes one or more violations not listed in Labor Code 2699.5 – curable subject to 2699.3(c)

---

**Filing Fee**

A filing fee of $75 is required to file a new PAGA claim notice.

**IFP**

☐ I wish to claim In Forma Pauperis and am attaching a Confidential Request to Waive Court Fees (Judicial Council Court Form FW–001) or similar form to this submission.

**Billing information**

| Billing First Name * | Billing Last Name * | Billing Email * |
|---|---|---|
| Eric | Kingsley | service@kingsleykingsley. |

**Billing Phone**

**Billing Street Name, Number and Suite/Apt** *

16133 Ventura Boulevard Suite 1200

| Billing City * | Billing State * | Billing Zip/Postal Code * |
|---|---|---|
| Encino | California | 91436 |

**Credit Card Type** *    **Credit Card Number** *

Master Card    █████████████



| CVV Number * | Credit Card Expiration Month * | Credit Card Expiration Year * |
|---|---|---|
| ████ | ████ | ████ |
| | mm | yyyy |

---

**Notice and Other Attachments**

**PAGA Claim Notice (must be a .pdf)** *

[Choose File]  PAGA Letter– ... Company.pdf

**Other Attachment – (if any) (must be a .pdf)**

[Choose File]  No file chosen

Add Another Attachment

Should you have questions regarding this online form, please contact PAGAInfo@dir.ca.gov

**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY: All filers must redact: Social Security or taxpayer identification numbers; personal addresses, personal telephone numbers, personal email addresses, dates of birth; names of minor children; & financial account numbers. This requirement applies to all documents, including attachments.**

☑ **I understand that, if I file, I must comply with the redaction rules consistent with this notice.**

[ Previous Page ]    [ Submit ]

Thank you. If you provided an email address with your submission, a confirmation regarding your submission will be emailed to you. Otherwise, you can search for the case to verify that your submission was properly received.

Click Here to Search Case

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Thursday, February 10, 2022 1:09 PM |
| **To:** | Service Email |
| **Subject:** | Thank you for submission of your PAGA Case. |

External Email!

2/10/2022

LWDA Case No. LWDA-CM-867614-22
Law Firm : Kingsley & Kingsley
Plaintiff Name : Danielle Marcy
Employer: J. R. Simplot Company
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website:
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Flabor.ca.gov%2FPrivate_Attorneys_General_Act.
htm&amp;data=04%7C01%7CJulie%40kingsleykingsley.com%7C6a8f9b471cea4f5e589408d9ecd998b6%7C121a7875dbe
b4c0fb25c5baf6c6ac7a5%7C0%7C0%7C637801241587864882%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMD
AiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=2FF%2F2lwoT5a5%2FkQMWzJ%2B8Zp7A9f
4K4yP2iyzq3rngj0%3D&amp;reserved=0

1

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Thursday, February 10, 2022 1:10 PM |
| **To:** | Service Email |
| **Subject:** | State of California - Department of Industrial Relations Customer Receipt / Purchase Confirmation |

External Email!

Thank you for your payment.

Order Information
Merchant: State of California - Department of Industrial Relations

Case Number: LWDA-CM-867614-22
Order Number: ORD-000151662
Total:$75.00
Card Type: Master Card
Date: 2/10/2022
_____
Billing Information
Name: Eric Kingsley
Email: service@kingsleykingsley.com
Billing Address:
16133 Ventura Boulevard Suite 1200
Encino, California
91436

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FILED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2022 AUG 30 PM 2:26

**TREVA PARKER**

BY _____ DEPUTY

**NOTICE TO DEFENDANT:** J.R. SIMPLOT COMPANY; and DOES 1 thru 50,
*(AVISO AL DEMANDADO):* inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DANIELLE MARCY, an individual, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of the State of California, as a private attorney general

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:   *(El nombre y dirección de la corte es):* Superior Court of the State of California for the County of San Joaquin - Stockton Courthouse 180 E Weber Avenue Stockton, CA 95202 | CASE NUMBER: *(Número del Caso):* STK-CV-UOE-2022- 76260 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: KINGSLEY & KINGSLEY, APC
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ERIC B. KINGSLEY, Esq. (SBN 185123) eric@kingsleykingsley.com; LIANE KATZENSTEIN LY, Esq. (SBN 259230) liane@kingsleykingsley.com
JESSICA BULAON, Esq. (SBN 340724) jessi@kingsleykingsley.com; 16133 Ventura Blvd., Suite 1200, Encino, CA 91436; Tel: (818) 990-8300; Fax: (818) 990-2903

| DATE: *(Fecha)* | AUG 30 2022 | **BRANDON E. RILEY** Clerk, by *(Secretario)* | **TREVA PARKER** | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor) |
| |          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| |          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| |          ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT C

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>KINGSLEY & KINGSLEY, APC<br>ERIC B. KINGSLEY, Esq. (SBN 185123)<br>LIANE KATZENSTEIN LY, Esq. (SBN 259230); JESSICA BULAON, Esq. (SBN 349749)<br>16133 Ventura Blvd., Suite 1200, Encino, CA 91436<br>TELEPHONE NO.: (818) 990-8300    FAX NO. *(Optional):* (818) 990-2903<br>E-MAIL ADDRESS: eric@kingsleykingsley.com; liane@kingsleykingsley.com; jessi@kingsleykingsley.com<br>ATTORNEY FOR *(Name)* DANIELLE MARCY, PLAINTIFF | FILED<br>SUPERIOR COURT<br>2022 AUG 30 PM 2:26<br>BRANDON E. RILEY CLERK<br>TREVA PARKER<br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E WEBER AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: STOCKTON, CA 95202
BRANCH NAME: STOCKTON COURTHOUSE

CASE NAME: DANIELLE MARCY V. J.R. SIMPLOT COMPANY

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | STK-CV-UOE-2022-7624 |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 30, 2022

Liane Katzenstein Ly
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

Print this form     Save this form     Clear this form

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0007626**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 02/27/2023 | Time: 8:30 AM Department:10C |
|---|---|---|
| JUDGE | COURT LOCATION | PHONE Numbers: |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | Stockton | Stockton: 209-992-5693<br>Lodi: 209-992-5522 |

[ X ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 08/30/2022

＿＿＿Treva Parker＿＿＿,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**